**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **vs.** | * | **CRIMINAL NO.: 10-296-KD** |
| | * | |
| **JERRY GOLDEN** | * | |
| | * | |
| **Defendant.** | * | |

<u>**ORDER**</u>

This matter is before the court on consideration of the motion to continue the trial in this action that was filed jointly by the United States and counsel for Mr. Golden on November 9, 2011 (Doc. 31).

Upon consideration of the grounds presented and the Court's record, the Court finds that neither the defendant nor the United States will be unduly prejudiced by a continuance into the January 2012 criminal term; therefore, the joint motion is **GRANTED** and the trial is **CONTINUED** to the January 2012 criminal trial term with jury selection to commence on January 3, 2012.[1]

The Court further finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that "the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial." The reasoning for this decision is as follows. Mr. Golden made his first appearance in this case on October 19, 2011 (Docs. 16-19) and was appointed counsel on that date. He and his attorney have only had 21 days in which to prepare for the pretrial conference.

---

[1]  "[ F]or purposes of the [ Speedy Trial] Act, a jury trial commences when the court begins the voir dire." *Bramlett v. U.S.*, 405 Fed.Appx. 363, 366 (11th Cir.(Ga.) Dec 13, 2010) (*citing United States v. Gonzalez*, 671 F. 2d 441, 443 ( 11th Cir. 1982)) *cert. denied Bramlett v. U.S.*, 131 S.Ct. 2122, 179 L.Ed.2d 914, 79 USLW 3592 (U.S. Apr 18, 2011)).

The indictment contains six counts and is premised on a lengthy investigation that has resulted in the return of two related indictments. The related criminal action is 10-281-WS.[2] The parties have made a good argument that plea negotiations and/or trial preparations are in the early stages at this time and will be completed by January, 2012. Under these circumstances, it is determined that counsel has proffered valid reasons for an extension of the pretrial preparation period in order to afford the defendant more time to prepare for trial or to negotiate a settlement while also establishing that the trials in these related actions are now set during the same criminal term to accommodate the parties and their witnesses. 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, for the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.")

Defendant shall file a waiver of his Speedy Trial rights not later than **November 21, 2011**. The Clerk of the Court is directed to refer this matter to the appropriate Magistrate Judge for scheduling a new pretrial conference.

DONE AND ORDERED this 10th day of November, 2011.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The last of the defendants in this related case (Carlos Ladon Smith) was arraigned on November 2, 2011 and is set for trial during the January 2012 criminal term. The Assistant United States Attorney is asking that these cases be tried during the same term since they will require testimony from a number of the same witnesses.