IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CRIMINAL NO.: 10-281-WS |
| | * | |
| AUNDREA DAISHON MURPHY, | * | |
| | * | |
| Defendant. | * | |
| | | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | CRIMINAL NO.: 10-296-KD |
| vs. | * | |
| | * | |
| AUNDREA DAISHON MURPHY, | * | |
| | * | |
| Defendant. | * | |

## ORDER

These actions are before the court on consideration of the motions to continue the trials filed by the United States on November 21, 2011 in both actions. (Doc. 57 in 10-281 and Doc. 34 in 10-296) The undersigned also held a supplemental pretrial with AUSA Michelle O'Brien and defense counsel, Dennis Knizley, on November 21, 2011. After careful consideration of the motions and the information provided by counsel, it is decided that the motions to continue should be **GRANTED** and the trials in these two actions **CONTINUED** into the January 2012 trial term with jury selection to commence on January 3, 2012.[1]

The indictments in each case charge Mr. Murphy with possession of a stolen firearm,

---

[1] "[F]or purposes of the [Speedy Trial] Act, a jury trial commences when the court begins the voir dire." *Bramlett v. U.S.*, 405 Fed.Appx. 363, 366 (11th Cir.(Ga.) Dec 13, 2010) (*citing United States v. Gonzalez*, 671 F. 2d 441, 443 (11th Cir. 1982)) *cert. denied Bramlett v. U.S.*, 131 S.Ct. 2122, 179 L.Ed.2d 914, 79 USLW 3592 (U.S. Apr 18, 2011)).

prohibited possession of a firearm and sale of a firearm to a prohibited person. (Title 18 U.S.C. §§ 922(j), 922(g)(1) and 922(d)(1)). In 10-281-WS, there are three codefendants, Jeffrey Evans, Carlos Smith and Baley Roberson. Mr. Roberson has been convicted on his guilty plea and the trial for Evans and Smith have been set to begin in January, 2012.[2] Mr. Evans' trial was continued in January on joint motion because Mr. Smith did not appear with counsel until November 2, 2011 and was therefore placed on the January trial docket. In order to adhere to the goal of judicial efficiency in criminal matters, it makes sense to schedule Mr. Murphy's trial along with the codefendants.

Similarly, in 10-296, Mr. Murphy is charged along with codefendant Jerry Golden. The charges in this action arose out of the same lengthy investigation that resulted in the indictment filed in 10-281. Mr. Golden's trial was continued on joint motion of the parties during the same pretrial conference in which Mr. Murphy was set for a plea. Now that it is known that Murphy is also asking for a trial, that trial should be scheduled along with his codefendant. *See United States v. Stafford*, 697 F.2d 1368, 1372 (11th Cir.1983) (Congress has clearly determined that "multidefendant trials are desirable because they promote efficiency in the disposition of trials.").

The Court further finds, pursuant to 18 U.S.C.§ 3161(h)(7)(A), that "the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial." The reasoning for this decision is as follows: (1) the notice that Murphy has made

---

[2] On November 8, 2011, Mr. Knizley reported that his opinion was that his client would accept the offer presented by the United States and enter a guilty plea. Based upon that information, Mr. Murphy was set on a change-of-plea docket for November 17, 2011. It was decided on that date that he would not enter a guilty plea and would defend himself at trial. These negotiations continue and it is reasonable to believe that this defendant may change his mind and decide to enter a guilty plea.

clear through counsel that he is not ready to enter a guilty plea, he should be joined with the codefendants in both actions since they have agreed to a trial in January,2012; (2) by joining al defendants for trial, the Government, witnesses and this Court will not be subjected to multiple trials where the same or substantially the same evidence will be presented; and this schedule will give the parties and their attorneys more time to consider a settlement of the charges or to prepare for trial.

Under these circumstances, it is determined that counsel for the United States has presented valid reasons for an extension of the pretrial preparation period in order to finalize plea negotiations or trial preparations. See 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, for the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.")

The Clerk of the Court is directed to refer this matter to the Magistrate Judge Katherine Nelson for scheduling a new pretrial conference.

DONE AND ORDERED this 22nd day of November, 2011.

   s/WILLIAM E. CASSADY  
**UNITED STATES MAGISTRATE JUDGE**